**DE JIU CHEN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**Nos. 06–5642–ag(L); 07–1693–ag(con).**

United States Court of Appeals,
Second Circuit.

Jan. 10, 2008.

Yee Ling Poon; Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Dimitri N. Rocha, Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

De Jiu Chen, a native and citizen of the People's Republic of China, seeks review of a November 24, 2006 order of the BIA affirming the May 20, 2003 decision of Immigration Judge ("IJ") Joseph A. Russelburg, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Jiu Chen*, No. A95 838 255 (B.I.A. Nov. 24, 2006), *aff'g* No. A95 838 255 (Immig. Ct. N.Y. City May 20, 2003). Chen also challenges the March 26, 2007 decision of the BIA denying his motion to reconsider. *In re De Jiu Chen*, No. A95 838 255 (B.I.A. Mar. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Tao Jiang v. Gonzales*, 500 F.3d 137, 140 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, Chen is not eligible for either asylum or withholding of removal as the spouse of someone who was forced to have an abortion. We are bound by our recent *en banc* decision in *Shi Liang Lin*, which held that an individual, like Chen, whose spouse was allegedly forced to undergo an involuntary abortion and forcibly sterilized, does not automatically qualify for asylum as a refugee under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (amending 8 U.S.C. § 1101(a)(42), Immigration and Nationality Act ("INA") § 101(a)(42)). *Shi Liang Lin v. U.S. Dep't Of Justice*, 494 F.3d 296, 300 (2d Cir.2007)(en banc). Here, the change brought about by *Shi Liang Lin* is a change in this circuit's caselaw as opposed to a change in agency policy. Remanding for the agency simply to apply this new law "would be an idle and useless formality." *See NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). In this case, Chen had the opportunity, in his motion to reconsider before the BIA, to demonstrate that the BIA was in error in concluding that he had failed to show that he had acted in a manner that could fairly be construed as "other resistance to a coercive population control program." However, Chen did not put forward such an argument. Chen argues that the BIA ought to have recognized Chen's attempts to father a second child, which were ultimately successful, as the requisite "opposition" to China's population control program. But the mere act of impregnation is not sufficient to constitute an act of resistance. *Shi Liang Lin*, 494 F.3d at 313. Thus, Chen failed to establish past persecution under the framework that this Court articulated in *Shi Liang Lin*. Accordingly, Chen's claim that substantial evidence does not support the agency's decision denying his application for asylum and withholding of removal necessarily fails, as does his claim that the BIA abused its discretion in denying his motion to reconsider.

We further find that the record supports the agency's denial of Chen's CAT claim. We have held that without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured "based solely on the fact that [he] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, Chen provided no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of persecution or torture. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). Accordingly, substantial evidence supports the agency's conclusion that Chen failed to meet the high burden of proof for his CAT claim. *See Mu–Xing Wang*, 320 F.3d at 143–44.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).